UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANIS SHUMWAY,** | **2:21-CV-11292-TGB-CI** |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| **WOODWARD BROWN VENTURES, LLC,** | |
| Defendant. | |

Janis Shumway, Plaintiff in this case, is disabled and uses a wheelchair. When she travels, she needs to book handicap-accessible hotel rooms. Planning a trip to Michigan during the summer of 2022, she attempted to access online reservation websites that host hotel room listings for one of Defendant's properties: the Daxton Hotel, located in Birmingham, Michigan. According to the operative Amended Complaint, the third-party reservation sites she visited did not allow her to determine whether the hotel could accommodate her needs. Shumway claims these online reservation systems are in violation of regulations promulgated under Americans with Disabilities Act. In response, Defendant moves to dismiss the complaint, saying that its website, as

1

well as the online reservation websites that host information about the Daxton Hotel, fully comply with the applicable regulations and allow individuals with disabilities to reserve accessible accommodations. Having carefully reviewed the pleadings, the regulations, and the relevant web pages, the Court concludes that Defendant's Motion to Dismiss will be **GRANTED.**

## I.     BACKGROUND

Plaintiff is a resident of Tennessee. She relies on a wheelchair to get around, and when she stays at a hotel, she requires different accessibility features in the parking lot, common spaces, her room, and bathroom facilities. ¶ 1, ECF No. 6, PageID.31.

Defendant owns the Daxton Hotel in Birmingham, Michigan. *Id.* at ¶ 3. In anticipation of travel to Michigan, Plaintiff says she visited the listings for the Daxton Hotel on the following third-party reservation websites: booking.com, expedia.com, hotels.com, orbitz.com, and travelocity.com. *Id.* at ¶ 11. She was interested in "reviewing and assessing the accessible features" of the Daxton Hotel to "ascertain whether they meet the requirements" of the Americans with Disabilities Act ("ADA"). *Id.* Plaintiff alleges that each website "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability [sic] at the hotel." *Id.*

Plaintiff alleges that these websites "infringe [her] right to travel free of discrimination and deprive her of the information required to

2

make meaningful choices for travel," and prevent her "full and equal enjoyment" of publicly accessible services. *Id.* at ¶ 14. Seeking relief from such conduct, Plaintiff brought this lawsuit, alleging discrimination under the Title III of the ADA as her sole claim. She specifically alleges that Defendant is in violation of a regulation promulgated pursuant to the ADA, commonly known as the "Reservations Rule," which outlines the standards that providers of lodging such as hotels must meet when creating and maintaining their reservation systems. *See* 28 C.F.R. § 36.302(e). Defendant filed a Motion to Dismiss in lieu of an answer. ECF No. 12. The Court heard oral argument on February 9, 2022.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit or claim where the defendant establishes the plaintiff's "failure to state a claim upon which relief can be granted." *Jones v. City of Cincinnati,* 521 F.3d 555, 562 (6th Cir. 2008). In evaluating the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006)).

Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under *Ashcroft v. Iqbal*, the plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## III.  ANALYSIS

This kind of lawsuit is considered an ADA "tester" case. In such a case, an individual with some type of disability visits or seeks out a provider of goods and services such as a hotel, restaurant, or other business in order to "test" whether its accommodations meet the ADA's requirements for individuals with disabilities. If the tester finds circumstances that appear to indicate the facility is out of compliance, she will bring a lawsuit under 42 U.S.C. § 12188(a)(1) to get the facility to bring its practices or infrastructure into compliance with the Act.[1]

---

[1] While the Supreme Court has not specifically considered this issue under the ADA, it has held that a similar provision in the Fair Housing Act must be interpreted as allowing tester lawsuits. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (holding that plaintiffs had

Courts across the country have sanctioned this type of lawsuit, noting that "the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law." *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999).

Public places can violate the ADA in different ways, and so the claims plaintiffs make when they bring these lawsuits will often vary. Correspondingly, the arguments that defendant entities make in motions to dismiss also vary, often challenging whether the plaintiff can show injury in fact or standing. *See, e.g., Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 755 (6th Cir. 2019) (considering whether a plaintiff had articulated a sufficient past injury and likelihood of future injury to meet the "injury in fact" requirement for standing to bring a tester claim against a department store). Here the claim is slightly different.[2]

---

standing when "without an intent to rent or purchase a home or apartment, [they] pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices").

[2] The Court notes that challenges involving violations of the Reservations Rule seem to be a relatively new "type" of ADA tester case. Additionally, every opinion that the Court has located in the Sixth Circuit addressing a motion to dismiss in this type of case is primarily concerned with challenges to the plaintiff's standing. *See Young v. Mahasagar, Inc.*, No. 2:05-CV-225, 2005 WL 1868151, at *3 (S.D. Ohio Aug. 4, 2005); *Shumway v. Neil Hosp., Inc.*, No. 121CV01059STAJAY, 2021 WL 5181754, at *3 (W.D. Tenn. Nov. 8, 2021); *Shumway v. Shree Shatriji, LLC*, No. 121CV01058STAJAY, 2021 WL 3385298, at *3 (W.D. Tenn. Aug. 3, 2021); *Shumway v. Mira & Jenshi*, LLC, No. 121CV01063STAJAY, 2021 WL 3354845, at *3 (W.D. Tenn. Aug. 2, 2021).

Defendant does not challenge whether Plaintiff's experience of merely visiting these websites to review their booking options suffices as an injury in fact. Nor does Defendant raise any question as to whether she has standing. Instead, Defendant here first maintains that the information on the third-party websites cited in the complaint fully complies with the requirements of the ADA. Second, to the extent such information was insufficient, Defendant maintains that Plaintiff has failed to allege facts showing that Defendant is liable for those deficiencies. The question for the Court, therefore, is whether Plaintiff sufficiently states a claim under the ADA, or makes a plausible claim that Defendant is not in compliance with the law.

## A. ADA Reservations Rule and Guidance

The regulation that Plaintiff cites is known as the "Reservations Rule." *See* 28 C.F.R. § 36.302(e). Under this Rule, for reservations made by any means, any place of lodging must:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. §§ 36.302(e)(1)(i)-(v).

The Department of Justice has issued official "Guidance" to the Reservations Rule that provides further detail as to the specific kind of information hotel websites or third-party booking websites must include to be compliant with these provisions. *See* 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis", https://perma.cc/H3VK-S8DC ("ADA Regulation Guidance").

**B. Websites in question**

Under Rule 12(b)(6), the Court is usually confined to considering the pleadings. *Jones*, 521 F.3d at 562. However, the Court may also take judicial notice of "documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 720 (E.D. Mich. 2021).

7

Here, the Defendant asks the Court to take judicial notice of its Exhibits 2-7, which are screenshots of the listings for the Daxton Hotel as they appeared on the five different third-party websites that Plaintiff alleges she visited prior to filing this complaint, as well as screenshots of the Daxton Hotel's own online booking website. These screenshots appear to have been taken on August 9, 2021. ECF Nos. 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8. Plaintiff does not object, and also offers her own screenshots of only the expedia.com and hotels.com websites, taken on May 6, 2021, as exhibits to its Response. ECF Nos. 15-3, 15-4, 15-5.[3] These websites are indeed central to the Plaintiff's claims, and the Court will take judicial notice of both sets of exhibits in evaluating the instant motion.

## C. Plaintiff's ADA claim

To state a claim for discrimination under Title III of the ADA, Plaintiff must show that (1) she has a disability; (2) defendant's facility is a place of public accommodation; and (3) she was discriminated against by being refused full and equal enjoyment of the facility because of her disability. *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1164 (E.D. Mich. 1994). Defendant does not contest that the Amended Complaint alleges facts meeting prongs one and two. The only question is whether Plaintiff was denied full and equal access to Defendant's hotel under the meaning

---

[3] The Court notes that all three of these exhibits appear to be the same document.

8

of the Act. Plaintiff alleges that this occurred when she visited the various booking websites named in the Amended Complaint and found that said websites "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability [sic] at the hotel." ECF No. 6, PageID.35. The Court interprets this claim as alleging a violation of Sections (i) and (ii) of the Reservationss Rule: Section (i) requires hotels to have procedures that "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms" and Section (ii) requires hotels to identify and describe "accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. §§ 36.302(e)(1)(i)-(ii).

In addition to the text of the Rule itself, both Parties point the Court to the aforementioned ADA Regulation Guidance issued by the Department of Justice. This Guidance contains interpretation for every regulation issued pursuant to the ADA, including the Reservations Rule. In evaluating agency regulations, the Sixth Circuit has stated that "deference should be given to an agency's interpretation of a regulation . . . to explain the responsibilities of those concerned under the statute, and to enforce the statute in court," unless such interpretation is "plainly

erroneous" or "inconsistent with the regulation." *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 578-79 (6th Cir. 2003). The Court can therefore look to this Guidance to help clarify what kind of conduct constitutes a violation of these sections of the Reservations Rule, and whether Plaintiff has sufficiently alleged a violation against Defendant.

Regarding Section (i) of the Reservations Rule, the relevant portion of the DOJ guidance states the operator of a place of lodging must:

> Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations, including reservations made by telephone, in-person, or through a third party, for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. . . . Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. **To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.**

"General rule on reservations," ADA Regulation Guidance (emphasis added).

Regarding Section (ii), which discusses the kind of information that must be provided by facility operators so that guests can understand the

available accessibility features at a place of lodging, the DOJ guidance
indicates that:

> . . . a reservations system is not intended to be an accessibility
> survey. However, specific information concerning accessibility
> features is essential to travelers with disabilities. Because of
> the wide variations in the level of accessibility that travelers
> will encounter, the Department cannot specify what
> information must be included in every instance. For hotels
> that were built in compliance with the 1991 Standards, it may
> be sufficient to specify that the hotel is accessible and, for each
> accessible room, to describe the general type of room (e.g.,
> deluxe executive suite), the size and number of beds (e.g., two
> queen beds), the type of accessible bathing facility (e.g., roll-
> in shower), and communications features available in the
> room (e.g., alarms and visual notification devices). Based on
> that information, many individuals with disabilities will be
> comfortable making reservations. . . . Hotels and other places
> of lodging that use third-party reservations services must
> make reasonable efforts to make accessible rooms available
> through at least some of these services and must provide these
> third-party services with information concerning the
> accessible features of the hotel and the accessible rooms. **To
> the extent a hotel or other place of lodging makes
> available such rooms and information to a third-party
> reservation provider, but the third party fails to
> provide the information or rooms to people with
> disabilities in accordance with this section, the hotel
> or other place of lodging will not be responsible.**

"Identification of accessible features in hotels and guest rooms," ADA
Regulation Guidance (emphasis added).

Plaintiff does not challenge the compliance of the Daxton Hotel's
own website. Instead, she alleges that Defendant's property listing on
various third-party websites lacked the required kind of accessibility

information. However, the Amended Complaint does not allege that Defendant *failed to provide* the third-party websites with adequate information concerning the availability of accessible rooms or their accessible features. The Guidance clearly states that a hotel will not be responsible when it has provided information to a third-party website, but the website fails to include it in the listing. Therefore, in failing to allege that Defendant did not provide sufficient information to the third-party websites, Plaintiff fails to state a claim for relief under the ADA, as interpreted by the Reservations Rule and relevant ADA Regulation Guidance.

A generous reading of ¶ 11 of the Amended Complaint, which states that "Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e)," could be understood as alleging Defendant failed to provide the required information to the third-party sites. But this allegation is conclusory and implausible given the record evidence indicating Defendant's *own* website provides sufficient information to comply with the Reservationss Rule.[4] *See, e.g., Lammey v. Sunworld*

---

[4] Plaintiff does not contest that this property is new, and therefore built to the 1991 Standards. The screenshots of Defendant's website indicate it does identify which rooms are accessible by their type, size, and number of beds. ECF No. 12-8, PageID.162-175. In the FAQ section of its website entitled "What Types of ADA Amenities do you Provide?", it further identifies the type of bathing facilities ("roll-in shower, adjustable shower wand") and communications devices ("hearing accessible rooms and/or kits"). ECF No. 12-8, PageID.182. The Court finds this level of

*Dynasty US Holding LLC*, No. 221CV01302VAPSKX, 2021 WL 2642490, at \*3 (C.D. Cal. May 7, 2021) ("While it would be plausible to infer that a hotel failed to make accessibility information available to a third party reservation service where its own website does not contain such information, there are no such supporting facts alleged here."). Indeed, an examination of each of the third-party reservation website listings referenced in the Amended Complaint reveals that they do in fact offer information on accessibility features and the ability to book accessible rooms, content which could only have been provided by Defendant. To the extent that the third-party websites are deficient, the Amended Complaint does not allege facts showing the Defendant is responsible for those shortcomings. Without a sufficient allegation that *Defendant* failed to provide these websites with the required information, Plaintiff cannot maintain a claim against it premised on the websites' deficiencies.

### D. Sufficiency of detail on third-party websites

If the record before the Court were sufficient to establish that all the third-party websites cited by Plaintiff complied with the ADA at the time Plaintiff visited them, this complaint would be dismissed with prejudice. It would be clear that Plaintiff could not re-file a case that stated a valid legal claim. But the record before the Court is mixed. It is

---

detail sufficient to meet the standards articulated in the ADA Regulation Guidance. Additionally, at oral argument counsel for Plaintiff conceded that she had not included claims related to Defendant's website in her Amended Complaint because it its website is "reasonably compliant."

true that the website captures provided by Defendant of all five third-party websites demonstrate an acceptable level of compliance with the ADA regulations: accessible features are outlined in at least some detail, and accessible rooms are identified and able to be booked.

But the record also contains screenshots provided by Plaintiff, which were taken *before* the filing of this lawsuit. Those screenshots show that the Daxton Hotel website listings from expedia.com and hotels.com described available accessibility features, but did *not* provide an option to directly book an accessible room. *See, e.g.,* expedia.com, ECF No. 15-3, PageID.201-39. Section (i) of the Reservations Rule clearly states that individuals with disabilities must be able to book accessible rooms "during the same hours and in the same manner" as all other guests. 28 C.F.R. §§ 36.302(e)(1)(i). Construing the allegations in the light most favorable to the Plaintiff, and considering the requirements of the Reservations Rule, Plaintiff could plausibly allege that these two websites were out of compliance when she visited them.

The Sixth Circuit has held that "voluntary conduct moots a case only in the rare instance where 'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (*quoting Akers v. McGinnis*, 352 F.3d 1030, 1035 (6th Cir. 2003)). Even if these websites are compliant now, website content is hardly permanent and other Courts have allowed similar

claims to move forward. *See, e.g, Kennedy v. Nisha, Inc.*, No. 8:20-CV-367-T-60CPT, 2020 WL 5569509, at *2 (M.D. Fla. Sept. 17, 2020) (ADA tester case finding that plaintiff could still bring claim regarding informational deficiencies on a hotel booking website even after those deficiencies had been corrected). Consequently, Plaintiff's claims regarding expedia.com and hotels.com will be dismissed without prejudice. Those claims regarding the other third-party websites will be dismissed with prejudice.

## CONCLUSION

Because Plaintiff has failed to state a claim for relief, Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE** as to any claims relating to booking.com, orbitz.com, and travelocity.com, and **DISMISSED WITHOUT PREJUDICE** as to any claims relating to expedia.com and hotels.com.

**SO ORDERED**, this 25th day of March, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge